# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MOHAMMED S. EL-HANINI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-966** |
| **ST. CHARLES PARISH JAIL, ET AL.** | **SECTION: "N"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Mohammed S. El-Hanini, a federal pretrial detainee, filed the instant federal civil action pursuant to 42 U.S.C. § 1983. He sued the St. Charles Parish Jail, the St. Tammany Parish Jail, and various unidentified individuals. He claims that the defendants failed to protect him from violence, denied him adequate medical care for his mental illness, and placed him on suicide watch without justification.

## I. Screening Standards

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint is malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the

plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint, as amended,[2] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous, malicious, and/or for failing to state a claim on which relief may be granted.

## II. Plaintiff's Claims

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

---

[2] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

### A. Jails

As noted, plaintiff has named the St. Charles Parish Jail and the St. Tammany Parish Jail as defendants in this lawsuit. That is improper. The St. Charles Parish Jail is a building, not a "person" subject to suit under § 1983. See, e.g., Petty v. St. Charles Parish Jail, Civ. Action No. 10-0975, 2011 WL 2004014, at *2-3 (E.D. La. Apr. 20, 2011), adopted, 2011 WL 1988405 (E.D. La. May 23, 2011); Lathers v. Nelson Coleman Correctional Center, Civ. Action No. 10-128, 2010 WL 1489903, at *4 (E.D. La. Mar. 22, 2010), adopted, 2010 WL 1485468 (E.D. La. Apr. 13, 2010). The same is true of the St. Tammany Parish Jail. Roper v. Strain, Civ. Action No. 10-341, 2010 WL 923151, at *2 n.2 (E.D. La. Mar. 8, 2010); Miller v. St. Tammany Parish Jail, Civ. Action No. 08-4694, 2008 WL 5111146, at *2 n.3 (E.D. La. Dec. 4, 2008); Williamson v. Louisiana, Civ. Action No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008). Therefore, the claims against those defendants should be dismissed.

### B. "John Doe" Defendants

Plaintiff has also named several "John Doe" defendants. That is likewise improper, because a § 1983 action must be filed against actual identified persons. Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); August v. Gusman, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks

4

v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at * 11 (E.D. La. Mar. 28, 2007). However, the Court need not give plaintiff another opportunity to amend his complaint to properly identify the individuals, because, in any event, his underlying claims are frivolous for the following reasons.

### 1.  Incidents at the St. Charles Parish Jail

Plaintiff claims that jail officials failed to protect him during his confinement at the St. Charles Parish Jail. Specifically, he alleges that he was the victim of a "surprise attack by an inmate by the name of Nasir" on September 25, 2015. He also alleges that he was then transported in the same van as that inmate on October 28, 2015; however, it is unclear whether plaintiff is alleging that he was merely endangered by that action or instead that he was in fact again attacked on that occasion.

The Court notes plaintiff filed a separate lawsuit asserting similar failure-to-protect claims against the United States Marshal's Service and an unidentified deputy marshal based on the September 25 attack. In that lawsuit, plaintiff's claims concerning the September 25 attack were dismissed as barred by the statute of limitations. El-Hanini v. Doe, Civ. Action No. 17-965, 2017 WL 3503382, at *5-6 (E.D. La. July 12, 2017), adopted, 2017 WL 3494296 (E.D. La. Aug. 15, 2017). For the following reasons, the undersigned likewise finds that the instant claims based on both the September 25 attack and October 28 incident are barred on that same basis.

"Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Price v. City of San Antonio, Texas, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted); see also Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008). Accordingly,

"a failure-to-protect claim accrues on the date the plaintiff was attacked and injured." Watson-Buisson v. Louque, No. 12-1871, 2013 WL 5236611, at *4 (E.D. La. Sept. 13, 2013); accord Moore v. 4th Judicial District Court, Civ. Action No. 3:11-cv-1731, 2012 WL 299555, at *4 (W.D. La. Jan.11, 2012), adopted, 2012 WL 860406 (W.D. La. Mar. 12, 2012); Steele v. St. Martin Parish Sheriff's Office, Civ. Action No. 6:10-cv-1788, 2011 WL 4747895, at *8 (W.D. La. Sept. 22, 2011), adopted, 2011 WL 4765196 (W.D. La. Oct. 26, 2011); Gamez-Abrego v. Orleans Parish Jail, Civ. Action No. 10-1595, 2010 WL 3523038, at *3 (E.D. La. July 19, 2010), adopted, 2010 WL 3523037 (E.D. La. Sept. 1, 2010). Therefore, plaintiff's failure-to-protect claims accrued on September 25 and October 28, 2015.

Once those claims accrued, plaintiff had only one year in which to file suit. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith, 2008 WL 2951279, at *1; La. Civ.Code Ann. art. 3492. Because plaintiff's lawsuit was not filed until on or after January 25, 2017,[3] more than one year after his failure-to-protect claims accrued in 2015, those claims were prescribed at the time this lawsuit was filed. Prescribed claims are properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.

In his amended complaint, plaintiff added an additional claim that he was denied medical treatment for his mental illness while detained at the St. Charles Parish Jail.[4] Because that claim

---

[3] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date the complaint was signed, January 25, 2017. See Rec. Doc. 3, p. 6.
[4] Rec. Doc. 17.

is wholly unrelated to the claims asserted in the original complaint, it does not relate back to the date of the original pleading. See Fed. R. Civ. P. 15(c)(1). In light of that fact, and because plaintiff was transferred from the St. Charles Parish Jail in February of 2016,[5] his claim alleging the denial of medical care at the St. Charles Parish Jail was obviously likewise prescribed when his amended complaint was filed more than one year later in August of 2017.[6]

For these reasons, all of plaintiff's claims arising from his confinement at the St. Charles Parish Jail should be dismissed as prescribed.

## 2. Incidents at St. Tammany Parish Jail

Plaintiff also asserts failure-to-protect claims based on attacks by inmates at the St. Tammany Parish Jail on June 17, 2016, and July 6, 2016.[7] However, the Court notes that plaintiff also asserted failure-to-protect claims based on those same incidents in Civ. Action No. 17-965, and those claims were dismissed as legally frivolous and/or for failure to state a claim. El-Hanini v. Doe, Civ. Action No. 17-965, 2017 WL 3503382, at *2 and *6-9 (E.D. La. July 12, 2017), adopted, 2017 WL 3494296 (E.D. La. Aug. 15, 2017). Because the instant failure to-protect claims arise from the same series of events and allege many of the same facts as those in Civ. Action No. 17-965, they are properly dismissed in this action as malicious. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).[8]

---

[5] See Rec. Doc. 17, p. 2.
[6] Plaintiff's amended complaint was signed on August 6, 2017. The Court notes that plaintiff first mentioned his medical claim in a motion to amend the complaint signed on May 9, 2017. Rec. Doc. 12. That motion was denied without prejudice, and he was ordered to file a proper amended complaint on or before August 31, 2017. Rec. Docs. 13 and 14. However, out of an abundance of caution, the Court notes that plaintiff's medical claim was already prescribed even at the time his original motion was filed on or after May 9, 2017.
[7] Rec. Doc. 17, p. 3; see also Rec. Doc. 3, p. 5.
[8] It is true the claims here are asserted against the officials who operated the St. Tammany Parish Jail, while those in the prior action were asserted against the federal officials who assigned plaintiff to that jail. However, that fact does not save the instant claims from being considered malicious. As long as claims are based on the same events and

Alternatively, the Court notes that the claims are also subject to dismissal as frivolous. It is clear that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). However, with respect to such claims, the United States Fifth Circuit Court of Appeals has explained:

> To establish a failure-to-protect claim under § 1983, [an inmate] must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (citations and internal quotation marks omitted). "*Actual* knowledge and appreciation of the risk are required." Smith v. Jaramillo, 394 Fed. App'x 183, 185 (5th Cir. 2010) (emphasis in original). Moreover, "[d]eliberate indifference must be viewed from [the defendant's] perspective at the time in question, not with hindsight's perfect vision." Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998); accord Dangerfield v. Dyson, Civ. Action No. 05-0650, 2008 WL 718114, at *3 (E.D. La. Mar. 14, 2008).

At the hearing held in connection with Civ. Action No. 17-965, plaintiff "testified that he had no prior issues of any kind, either in jail or before his incarceration, with any of the inmates who attacked him." El-Hanini, 2017 WL 3503382, at *8. He further testified that the "attacks occurred by surprise, with no prior indication they might occur." Id.[9] In light of that testimony,

---

facts, it is of no consequence that a plaintiff has successively sued different defendants with respect to those claims. Bailey, 846 F.2d at 1021.
[9] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

plaintiff obviously cannot prove that the defendants acted with deliberate indifference. See, e.g., Taylor v. Louisiana, Civ. Action No. 12-44, 2012 WL 6606961, at *3 (E.D. La. July 10, 2012) (Defendant cannot "have been deliberately indifferent in failing to protect against a potential harm of which she was unaware" where plaintiff "testified that no threats were made prior to the attack and that he had no previous problems, arguments, or altercations with the inmates who attacked him. Not even plaintiff himself, much less [defendant], had advance warning of the attack."), adopted, 2012 WL 6600553 (E.D. La. Dec. 18, 2012).

Plaintiff next claims that his rights were violated when he was placed on suicide watch without justification by the jail psychiatrist in February of 2016. However, plaintiff's medical records show otherwise. [10] Those records reflect that plaintiff underwent a psychiatric evaluation at the jail on February 4, 2016, at which time he reported that he was under "too much pressure," experiencing auditory hallucinations, and could not "take it anymore." He further reported that he was bipolar and suffered from depression and that he had attempted suicide in the past. He was therefore temporarily placed on suicide watch to "provide [a] safe & protected environment" and evaluated daily. He was then removed from suicide watch on February 8, 2016.

As an initial matter, the Court notes that it is not clear whether an inmate even has a constitutional right not to be placed on suicide watch without adequate cause. See Langlinais v. Nelson Coleman Correctional Center, Civ. Action No. 13-3003, 2015 WL 225222, at *6-7 (E.D. La. Jan. 15, 2015) ("[T]he Court simply cannot say that an inmate has a clearly established *constitutional right* not to be placed on suicide watch without probable cause. On the contrary, a number of cases have expressly found that there is no such constitutional right."); see also Jones

---

[10] Plaintiff's medical records have been filed into this federal record at Rec. Doc. 19.

9

v. Blackburn, No. 3:14-cv-01229, 2014 WL 2480601, at *6 (M.D. Tenn. June 2, 2014) ("There is no constitutional right to avoid being placed on suicide watch."); Hunter v. Williams, No. 3:13-cv-00592, 2013 WL 3467097, at *2 (M.D. Tenn. July 10, 2013) ("[B]ecause there is no liberty interest in assignment to any particular prison, or housing unit within a prison, the plaintiff has no due process claim for being placed on suicide watch."); Starks v. Couch, Civ. Action No. 08-cv-407, 2009 WL 331357, at *2 (S.D. Ill. Feb. 11, 2009) ("Starks has not stated a claim for a due process ... violation because there is no constitutional right to avoid being placed on suicide watch.").

However, *even if* such a right exists, it was not violated here. Plaintiff had just been transferred into the St. Tammany Parish Jail from another facility, he reported a history of mental illness including depression, and he indicated that he felt stressed and was experiencing auditory hallucinations. Under those circumstances, this Court simply cannot say that the decision to place him temporarily on suicide watch until he could be properly assessed and stabilized was even facially unreasonable, much less unconstitutional. On the contrary, someone in the psychiatrist's position would be expected to err on the side of caution in such matters. Indeed, if he had ignored these concerns and plaintiff then committed suicide, the psychiatrist might well have been liable for failing to take preventative measures. See, e.g., Lewis v. Parish of Terrebonne, 894 F.2d 142, 145-46 (5th Cir. 1990); Stewart v. Warner, Civ. Action No. 13-4759, 2014 WL 3498165, at *4 (E.D. La. July 15, 2014).

Lastly, plaintiff claims that, upon his return to the St. Tammany Parish Jail after being temporarily sent to a federal facility for a determination of his mental competency, jail officials

violated his rights by discontinuing the medications he had been prescribed at the federal facility.[11] For the following reasons, that claim is likewise frivolous.

Obviously, all inmates, regardless of whether they are pretrial detainees or convicted prisoners, have a right to medical care in jail. However, that right is a limited one, and an inmate's constitutional right to medical care is violated only if his "serious medical needs" are met with "deliberate indifference" on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).

The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). Here, the undersigned has no hesitation in concluding that plaintiff's mental illness (depression and bipolar disorder) constitutes a serious medical need.

That said, it is likewise clear that plaintiff cannot show that his serious medical need was met with "deliberate indifference." The United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

---

[11] Rec. Doc. 17, p. 3.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

"Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir.1995). That is the case here. Plaintiff's medical records indicate that he has consistently received treatment for his mental illness while at the St. Tammany Parish Jail, including the administration of Lithium and Paxil (a/k/a paroxetine), *the same medications he was prescribed at the federal facility.* However, even if his medication regimen had been altered, it must be noted that a jail doctor's failure to follow the same treatment plan previously prescribed does not, without more, constitute deliberate indifference. See Taylor v. Louisiana, Civ. Action No. 12-44, 2012 WL 6606961, at *5 (E.D. La. July 10, 2012) ("[T]he fact that the jail doctor followed a different course of treatment than the hospital doctors is of no constitutional moment. Differences of opinion among physicians as to the appropriate method of treatment do not constitute deliberate indifference."), adopted, 2012 WL 6600553 (E.D. La. Dec. 18, 2012); see also Billizone v. Jefferson Parish Correctional Center, Civ. Action No. 14-1263, 2014 WL 7139636, at *4 (E.D. La. Dec. 15, 2014) ("The fact that [the plaintiff] may have been prescribed other types of pain medication by other doctors in the past is not determinative. Prior opinions by such doctors were not binding on the medical staff at the Jefferson Parish Correctional Center, and differences of opinion among healthcare professionals as to the appropriate method of treatment do not constitute

deliberate indifference."); Griffin v. Foti, Civ. Action No. 03-1274, 2003 WL 22966347, at *3 (E.D. La. Dec. 16, 2003) ("The fact that prison doctors discontinued a course of treatment allegedly previously prescribed by plaintiff's private physicians is of no constitutional moment. Differences of opinion among physicians as to the appropriate method of treatment do not constitute deliberate indifference. Moreover, even if the alternative medications prescribed by prison doctors were ineffective as plaintiff contends, he still has no constitutional claim." (citation and footnote omitted)); Campbell v. Martinez, No. Civ. A. 4:03-CV-299-Y, 2003 WL 22410576, at *3 (N.D. Tex. May 14, 2003) (differences of opinion among physicians as to the appropriate method of treatment do not amount to deliberate indifference), aff'd, 96 Fed. App'x 237 (5th Cir. 2004).

Moreover, it is of no consequence that plaintiff's medical care at the St. Tammany Parish Jail may not be "the best money could buy." Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); accord Gobert, 463 F.3d at 349 ("[D]eliberate indifference exists wholly independent of an optimal standard of care."); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978). In fact, the federal constitution does not require even that an inmate's medical care be free from negligence or medical malpractice. Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999); see also Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). Rather, claims of negligence or medical malpractice present issues of state law for state courts, not federal constitutional issues for a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Coleman v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 13-4325, 2013 WL 6004051, at *4 (E.D. La. Nov. 13, 2013).

In summary, the determinative issue before the Court is not whether plaintiff was satisfied with his medical treatment or even whether that treatment was subpar in some respect; rather, it is only whether he had a serious medical need that has been met with deliberate indifference. He did not. Accordingly, his claim that he was denied adequate medical care is legally frivolous and should therefore be dismissed.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed as frivolous, malicious, and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixteenth day of November, 2017.

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**